UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **KEVIN L. HARRIS,**<br><br>Petitioner,<br><br>v.<br><br>**JEFFREY HOWARD,**<br><br>Respondent. | **2:25-CV-13309-TGB-DRG**<br><br>HON. TERRENCE G. BERG<br><br>**ORDER DENYING HABEAS PETITION (ECF NO. 1),**<br><br>**DENYING A CERTIFICATE OF APPEALABILITY,**<br><br>**AND GRANTING PETITIONER LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL** |

Petitioner Kelvin L. Harris pleaded guilty in Monroe County Circuit Court to possession with intent to distribute methamphetamine, Mich. Comp. Laws § 333.7401(2)(B)(1). ECF No. 1 at PageID.92–93. He was sentenced to a prison term of 15 to 40 years. *Id.* at PageID.108. In his Habeas Petition, filed under 28 U.S.C. § 2254, Harris alleges that his sentence violates the Eighth Amendment because it is disproportionate. Upon preliminary review of Harris's petition, as required by Rule 4 of the Rules Governing § 2254 Cases, the Court concludes that the sentence is within the statutory limits and not disproportionate.

The Court **DENIES** the petition and declines to issue a certificate

of appealability. The Court grants Harris leave to proceed in forma pauperis on appeal, that is, without prepaying the filing fees that would ordinarily apply.

## I. BACKGROUND

Harris was charged as a fourth-offense habitual offender with delivery/manufacture of methamphetamine, Mich. Comp. Laws § 333.7401(2)(b)(i), two counts of delivery/manufacture of less than 50 grams of cocaine, heroin, or other narcotic, Mich. Comp. Laws § 333.7401(2)(a)(iv), and maintaining a drug house with a controlled substance, Mich. Comp. Laws § 333.7405(1)(d). ECF No. 1, PageID.92–93. On March 18, 2022, Harris pleaded guilty to delivery/manufacture of methamphetamine and being a third-offense habitual offender. *See* ECF *Id.* at PageID.95–98. In exchange for the plea, the prosecutor dismissed the remaining charges and the fourth-offense habitual offender notice. *Id.* at PageID.93. On April 28, 2022, Harris was sentenced to 15 to 40 years' imprisonment. *See id.* at PageID.108.

Harris filed an application for leave to appeal in the Michigan Court of Appeals. *Id.* at PageID.19. He argued that his sentence was disproportionate to the offense. *Id.* at PageID.27–28. The Michigan Court of Appeals denied leave to appeal. *People v. Harris*, No. 363570 (Mich. Ct. App. Dec. 1, 2022). Harris filed an application for leave to appeal in the Michigan Supreme Court. The Michigan Supreme Court, in lieu of

granting leave to appeal, remanded to the court of appeals for reconsideration in light of *People v. Posey*, 1 N.W.3d 101 (Mich. 2023). *People v. Harris*, 997 N.W.2d 181–82 (Mich. 2023). On remand, the Michigan Court of Appeals denied leave to appeal. *People v. Harris*, No. 363570 (Mich. Ct. App. Mar. 20, 2024). The Michigan Supreme Court also denied leave to appeal. *People v. Harris*, 8 N.W.3d 617–18 (Mich. 2024).

Harris then filed the pending petition. He raises a single claim:

> Mr. Harris's within-guidelines sentence was disproportionate, unjustified, and therefore, unreasonable.

ECF No. 1, PageID.5.

## II. STANDARD OF REVIEW

When a prisoner files a petition for habeas corpus, the Court must undertake a preliminary review to determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243. If, after preliminary consideration of the petition and including any annexed exhibits, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. Rule 4, Rules Governing § 2254 Cases; *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Carson v. Burke*, 178 F.3d 434, 436 (6th Cir. 1999); *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970)

(district court has the duty to "screen out" petitions that lack merit on their face). No response to a habeas petition is necessary when the petition is frivolous, obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a response from the State. *See Allen*, 424 F.2d at 141; *Robinson v. Jackson*, 366 F. Supp. 2d 524, 525 (E.D. Mich. 2005).

To qualify for relief under 28 U.S.C. § 2254, the petitioner must show that the state court's adjudication on a federal issue "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or if the adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)–(2). "As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011). For claims that were adjudicated on the merits in state court, habeas review is "limited to the record that was before the state court." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

## III. DISCUSSION

### A. Merits of § 2254 Claim

In his single claim for relief, Harris contends that his sentence violated the Eighth Amendment because it was disproportionately severe. ECF No. 1, PageID.5.

The Michigan Court of Appeals denied Harris's application for leave to appeal for "lack of merit in the grounds presented." *People v. Harris*, No. 363570 (Mich. Ct. App. March 20, 2024). The Court "must presume this unexplained summary order is an adjudication on the merits for AEDPA purposes" and must apply the Antiterrorism and Effective Death Penalty Act ("AEDPA")'s deferential standard of review. *McClellan v. Rapelje*, 703 F.3d 344, 349 (6th Cir. 2013).

The Eighth Amendment "does not require strict proportionality between crime and sentence" but instead "forbids only extreme sentences that are 'grossly disproportionate' to the crime." *Harmelin v. Michigan*, 501 U.S. 957, 1001 (1991) (Kennedy, J., concurring in the judgment) (quoting *Solem v. Helm*, 463 U.S. 277, 288 (1983)). In assessing proportionality challenges, federal courts afford "substantial deference" to legislative judgments about appropriate punishments. *Solem*, 463 U.S. at 290. Only an "extreme disparity between crime and sentence

offends the Eighth Amendment." *Cowherd v. Million*, 260 F. App'x 781, 785 (6th Cir. 2008) (quoting *United States v. Marks*, 209 F.3d 577, 583 (6th Cir. 2000)); *accord Lockyer v. Andrade*, 538 U.S. 63, 77 (2003) ("The gross disproportionality principle reserves a constitutional violation for only the extraordinary case.").

The Supreme Court has cautioned that "federal courts should be reluctant to review legislatively mandated terms of imprisonment and that successful challenges to the proportionality of particular sentences should be exceedingly rare." *Hutto v. Davis*, 454 U.S. 370, 374 (1982) (quotation marks and citations omitted). Consistent with that view, the Sixth Circuit recognizes that where a sentence remains within statutory limits, trial courts retain wide discretion in determining "'the type and extent of punishment for convicted defendants.'" *Austin v. Jackson*, 213 F.3d 298, 301 (6th Cir. 2000) (quoting *Williams v. New York*, 337 U.S. 241, 245 (1949)).

The 15-year minimum for Harris's sentence is within the sentencing guideline range of 78 to 195 months, and his 40-year maximum is within the 40-year statutory maximum for being a third-offense habitual offender. *See* ECF No. 1, PageID.23–24 (stating that Harris's sentencing guidelines range was 78 to 195 months and that he was sentenced to a 15-year minimum sentence); Mich. Comp. Laws § 333.7401(2)(b)(i) (imposing a maximum sentence of 20 years); § 769.11

(increasing the maximum sentence to 40 years for a subsequent felony punishable by 20 years upon a first conviction). Nothing in the record would support a finding that this is the "exceedingly rare" case where a sentence within prescribed statutory maximums violates the proportionality principle. *Rummel v. Estelle*, 445 U.S. 263, 272 (1980). The state court did not unreasonably apply clearly established federal law when it denied Harris's proportionality claim.

Indeed, the Supreme Court's precedent highlights how difficult it is to challenge the constitutionality of a legislatively mandated sentence. In *Rummel*, the Supreme Court "held that it did not violate the Eighth Amendment for a State to sentence a three-time offender to life in prison with the possibility of parole." *Ewing v. California*, 538 U.S. 11, 21 (2003) (citing *Rummel*, 445 U.S. at 284–85). His three offenses totaled less than $230 in property crimes. *Rummel*, 445 U.S. at 265–66. In *Lockyer*, 538 U.S. at 73–78, the Supreme Court held that "the state court did not unreasonably determine that the petitioner's sentence of fifty years to life in prison under California's 'three-strikes' law for stealing $150 worth of videotapes was not grossly disproportionate." *Johnson v. Brown*, No. 23-1251, 2023 WL 5994585 (6th Cir. June 22, 2023) (citing *Lockyer*, 538 U.S. at 73–78).

The Supreme Court's jurisprudence makes clear that challenges to particular sentences can only succeed in extreme examples. The one

notable example it provides is "if a legislature made overtime parking a felony punishable by life imprisonment." *Rummel*, 445 U.S. at 274 n.11. Considering the standard for determining disproportionality set in these cases, Harris's sentence is not disproportionate. His drug crimes are substantially "more serious, yet his sentence was much less severe" than those examined by the Supreme Court. *Johnson*, 2023 WL 5994585, at *2. Thus, this Court cannot grant habeas relief on this basis.

Harris also criticizes the trial court's failure to justify the sentence on the record. But there is no Supreme Court precedent that requires state sentencing courts to articulate their sentencing rationale on the record. That is a requirement of state law. *See Caldwell v. Taskila*, No. 20-10576, 2023 WL 3186292 (E.D. Mich. May 1, 2023) ("The requirement that a sentencing court articulate the reasons for departure from the sentencing guidelines is found in Michigan, not federal, law."). And even if state law requiring a court to justify a sentence outside the guideline range governed, in this case, the state court's minimum sentence fell within the guideline range. Regardless, state law claims will not support the issuance of the writ of habeas corpus under 28 U.S.C. § 2254. *Bailey v. Wainwright*, 951 F.3d 343, 346 (6th Cir. 2020) ("A petitioner must claim that his custody violates federal law, not state law, not some other

source of law.") (citing *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010)). Accordingly, the petition is **DENIED**.

**B. Appealability of § 2254 Claim**

Harris may appeal this decision only if he obtains a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (2003) (internal quotes and citations omitted).

Reasonable jurists would not find the Court's decision debatable or wrong. The Court therefore declines to issue a certificate of appealability.

## IV. CONCLUSION

Upon review, the Court concludes that the petition for a writ of habeas corpus must be **DENIED**. The Court further finds that reasonable jurists would not debate this Court's resolution of Petitioner's claim, so the Court **DENIES** a certificate of appealability. *See Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000).

If Petitioner nonetheless chooses to appeal, he may proceed in forma pauperis. *See* 28 U.S.C. § 1915(a)(3).

**SO ORDERED.**

Dated: November 9, 2026

s/Terrence G. Berg

HON. TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE